UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLATUNDE OLADINNI,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-570-CCB-SJF

## <u>ORDER</u>

Immigration detainee Olatunde Oladinni, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in

violation of the laws or Constitution of the United States.[1] ECF 2. He argued his

immigration detention was unlawful because an immigration judge had terminated his

removal proceedings on the basis of a defective Notice to Appear, yet he was still

detained. In answering the petition, the Warden provided a superseding Notice to

Appear, issued three days after the prior removal proceedings were terminated. ECF 9-

2 at 15-18. In reply, Oladinni argues that he was entitled to be released once the

immigration proceedings were dismissed, and the government cannot evade release

obligations by re-issuing a Notice to Appear after the prior proceedings have been

---

[1] This is Oladinni's second habeas petition. His first was dismissed after the court found that he was subject to mandatory detention under 8 U.S.C. §1226(c) while his removal proceedings were pending. *See Oladinni v. Warden*, No. 3:26-cv-160-CCB-SJF (N.D. Ind. decided March 19, 2026).

dismissed.[2] He also filed a motion to supplement his petition, which the court will grant, arguing the superseding Notice to Appear was also defective and cannot support his detention. ECF 12.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Thus, this court does not have jurisdiction in habeas to determine whether the Notice to Appear is valid or to review any deficiencies in the removal proceedings. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000) ("[8 U.S.C.] § 1252(g) applies whenever an alien makes an adjudicatory challenge to an order of removal, and for this reason, the district court has no jurisdiction to hear a petition for writ of habeas corpus."). Those are matters the Immigration and Nationality Act direct are to be litigated in the removal proceedings themselves and then reviewed through the process outlined there, not in habeas. Oladinni has not shown a basis for relief.

For these reasons, the court:

(1) **GRANTS** the motion to supplement (ECF 12) and DIRECTS the clerk to edit the docket to reflect that it is a Supplemental Reply;

(2) **DENIES** the petition (ECF 2); and

---

[2] Oladinni also raises several issues in his reply that go beyond what he raised in his habeas petition. The court declines to consider those issues as beyond the scope of this case.

2

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 9, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT